**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MOSHE DUBOVICK, *et al.*,<br>Plaintiffs,<br>v.<br>STOP AND SHOP AHOLD USA INC., *et al.*,<br>Defendants. | Civil Action No. 25-15054 (MAS) (RLS)<br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Ahold Delhaize U.S.A., Inc. s/h/a Stop and Shop Ahold USA Inc. ("Ahold USA Inc.")[1] and The Stop and Shop Supermarket Company, LLC ("Supermarket Company" and collectively with Ahold USA Inc., "Stop and Shop"), and Dominique J. Jackson's ("Jackson," and collectively with Stop and Shop, "Defendants") Motion to Vacate Default and Dismiss (ECF No. 9) Plaintiffs Moshe Dubovick ("Moshe"), Miriam Dubovick ("Miriam"), and Yehuda Dubovick's ("Yehuda," and collectively with Moshe and Miriam, "Plaintiffs") Complaint (ECF No. 1). Plaintiffs opposed (ECF No. 10), and Defendants replied (ECF No. 11). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court grants Defendants' motion.

[1] The Court notes that Plaintiffs refer to Defendant Ahold USA Inc. as "Stop and Shop Ahold USA Inc." in their Complaint. (*See generally* Compl., ECF No. 1.)

# I. BACKGROUND[2]

## A. Factual Background

This action arises out of a motor vehicle accident in which Jackson "collided with the rear end" of the vehicle operated by Moshe. (Compl. ¶ 1.) Plaintiffs are individual citizens of the State of New Jersey. (*Id.* ¶¶ 2-4.) Stop and Shop are business entities with a principal place of business located in Quincy, Massachusetts.[3] (*Id.* ¶¶ 5-6.) Defendant Jackson is "an individual and citizen of the [S]tate of New Jersey." (*Id.* ¶ 7.)

On the morning of September 4, 2023, Moshe was taking driving lessons with Skillful Driving School and was driving west on County Line Road in Lakewood, New Jersey. (*Id.* ¶¶ 13, 15.) Moshe came to a full stop at the intersection of County Line Road and Country Club Drive (the "Intersection"), while waiting to make a left turn onto Country Club Drive. (*Id.* ¶ 16.) At that time, Jackson, an employee of Stop and Shop, was driving a white Hino truck owned by Ahold USA Inc. westbound on County Line Road. (*Id.* ¶¶ 9, 12, 19.)

At approximately 8:18 AM, Jackson's truck struck the rear of Moshe's car at the Intersection. (*Id.* ¶¶ 15-16, 22.) While driving, Jackson "was simultaneously using [a] cell phone[.]" (*Id.* ¶ 20.) Jackson "looked away from the road and looked down at [the] phone" as the truck approached the Intersection. (*Id.* ¶ 21.) At the point of impact, "[t]he [t]ruck was traveling at least [forty-five] miles-[per]-hour . . . and had been traveling this speed for the [thirty] seconds

---

[2] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[3] Both Ahold USA Inc., a corporation, and Supermarket Company, a limited liability company, have "stores and distribution through[out] the United States and the [w]orld." (Compl. ¶¶ 5, 6.) Plaintiffs do not otherwise allege the state of incorporation for Ahold USA Inc. or the citizenship of the members of Supermarket Company. (*See generally id.*)

preceding the collision." (*Id.* ¶ 24.) After the collision, Moshe's car "moved forward across the right lane over the right[-]hand curb and into a fence [on] the side of the road." (*Id.* ¶ 25.)

As a result of the accident, Moshe "suffer[ed] severe personal physical, mental[,] and emotional injuries" "including[,] but not limited to, severe back pain, headaches, [and] debilitating fear of entering or driving an automotive vehicle[.]" (*Id.* ¶¶ 32, 36.) In addition to the injuries Moshe has faced, Moshe also "may be left with disabilities that will in the future incapacitate him, prevent him from working, and cause him pain and suffering[,] and may require [further] medical treatment." (*Id.* ¶ 37.) Miriam and Yehuda allege that they have "suffered from loss of society and consortium as a result of the injuries to [their] son[.]" (*Id.* ¶¶ 41, 45.)

### B. Procedural Background

Plaintiffs filed their Complaint on August 28, 2025, asserting three causes of action against Defendants: (1) negligence ("Count One"); (2) loss of consortium for Miriam Dubovick ("Count Two"); and (3) loss of consortium for Yehuda Dubovick ("Count Three"). (*Id.* ¶¶ 27-56.) On November 26, 2025, Plaintiffs filed a request for entry of Clerk's default. (ECF No. 7.) The Clerk entered default on December 1, 2025. Thereafter, Defendants filed the instant Motion to Vacate Entry of Default and Motion to Dismiss. (Mot. to Dismiss, ECF No. 9.) Plaintiffs opposed (Pls.' Opp'n Br., ECF No. 10), and Defendants replied (Defs.' Reply Br., ECF No. 11).

## II. LEGAL STANDARD

### A. Motion to Vacate Default Judgment

Motions to enter default judgment and vacate default are governed by Federal Rule of Civil Procedure Rule 55.[4] *See* Fed. R. Civ. P. 55(a)-(c). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Third Circuit directs that

[4] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

"[a]lthough the District Court has discretion to enter a default judgment, in this [C]ircuit, [courts] prefer that cases be adjudicated on the merits." *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (noting a "preference that cases be disposed of on the merits whenever practicable")). Where there is a close case, the Third Circuit instructs that it "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)); *see also Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984) ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions[.]")).

**B. Motion to Dismiss Pursuant to Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction, meaning that for a federal court to hear a case, it must have jurisdiction over the issue, such as diversity or federal question jurisdiction. *Mack v. Six Flags Great Adventure, LLC*, No. 23-3813, 2024 WL 69879, at *2 (D.N.J. Jan. 5, 2024). To satisfy the jurisdictional requirements of federal question jurisdiction, a plaintiff must assert a claim that "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To satisfy the jurisdictional requirements of diversity jurisdiction, no plaintiff can be a citizen of the same state as any defendant, and the amount in controversy must exceed $75,000. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990); *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010).

Under Rule 12(b)(1), a defendant may move to dismiss a matter for lack of subject-matter jurisdiction. *Wongus v. Corr. Emergency Response Team*, 389 F. Supp. 3d 294, 298 (E.D. Pa. 2019). "[I]t is the plaintiff who bears the burden of proving that the federal court has jurisdiction." *McCracken v. Murphy*, 129 F. App'x 701, 702 (3d Cir. 2005) (citations omitted); *see*

*also Wright v. N.J./Dep't of Educ.*, 115 F. Supp. 3d 490, 495 (D.N.J. 2015) ("It is well-settled that the plaintiff bears the burden of establishing subject[-]matter jurisdiction in order to defeat a motion under Rule 12(b)(1)."). In considering dismissal for lack of subject-matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)).

"A district court has to first determine, however, whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citations omitted). Under a facial attack, the movant challenges the legal sufficiency of the claim, and the court considers only "the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) ("The facial attack does offer similar safeguards to the plaintiff [as a Rule 12(b)(6) motion]: the court must consider the allegations of the complaint as true."). The Court, under a facial attack, "may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject[-]matter jurisdiction." *D.G. v. Somerset Hills Sch. Dist.*, 559 F. Supp. 2d 484, 491 (D.N.J. 2008) (citations omitted). Under a factual attack, however, the challenge is to the trial court's "very power to hear the case." *Mortensen*, 549 F.2d at 891. Thus, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Moreover, in a factual attack, "the court

may consider and weigh evidence outside the pleadings to determine if it has jurisdiction." *Gould Elecs.*, 220 F.3d at 178.

## III. DISCUSSION

The Court begins by addressing Defendants' arguments related to vacating default before turning to Defendants' motion to dismiss arguments. (*See generally* Defs.' Moving Br., ECF No. 9-1.)

### A. Vacating Default Against Defendants

Defendants first argue that the Court should vacate the Clerk's entry of default because there exists good cause to do so. (*See id.* at 5-7.) When deciding whether to vacate default, district courts must consider three factors: (1) whether the plaintiff will be prejudiced if the default is lifted; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *See Dambach v. United States*, 211 F. App'x 105, 109 (3d Cir. 2006) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). Applying those factors, the Court finds that vacating default entered against Defendants is appropriate.

With respect to the first factor, "[p]rejudice to the plaintiff exists where a defendant is judgment-proof or where 'there has been a loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *1199 SEIU United Healthcare Workers E. v. Amboy Care Ctr.*, No. 15-309, 2015 WL 3649031, at *3 (D.N.J. June 11, 2015) (quoting *Julaj v. Tau Assocs. LLC*, No. 12-1464, 2013 WL 4731751, at *4 (D.N.J. Sep. 3, 2013)). Plaintiffs argue that vacating default will "materially prejudice some of [the] claims" because "Plaintiffs have a statute of limitations[.]" (Pls.' Opp'n Br. 4.) Plaintiffs do not otherwise provide any argument as to any loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment. (*See id.*); *Julaj*, 2013 WL 4731751, at *4. The Court is not persuaded by

Plaintiffs' argument and finds that this factor weighs in favor of vacating default. *See, e.g.*, *Huertas v. TransUnion, LLC*, No. 08-244, 2009 WL 10690329, at *3 (D.N.J. Nov. 10, 2009) (finding first factor weighed in favor of setting aside default and rejecting argument made by plaintiff that it would be prejudiced "because such claims may be barred by the statute of limitations"); *Gross*, 700 F.3d at 122 (noting that "in a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits").

With respect to the second factor, "[t]he showing of a meritorious defense is accomplished when allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (quotation marks and citations omitted). Defendants raise multiple defenses to Plaintiffs' Complaint, including: (1) lack of subject matter jurisdiction; (2) insufficient service of process; and (3) disputes as to "the valuation of damages, attribution of liability, [and] severity of the alleged injuries[.]" (Defs.' Moving Br. 6-12.) Notably, on a motion to vacate default, "the Court need not decide the legal issue . . . [as] it is sufficient that [defendant's] proffered defense is not facially unmeritorious." *NuMed Rehab., Inc. v. TNS Nursing Homes of Pa., Inc.*, 187 F.R.D. 222, 224 (E.D. Pa. 1999) (quotation marks omitted) (quoting *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73-74 (3d Cir. 1987)). The Court therefore finds that Defendants have identified defenses that are not "facially unmeritorious" and the second factor weighs in favor of vacating default. *See McCann v. New Jersey*, 09-780, 2010 WL 276120, at *2 (D.N.J. Jan. 19, 2010) ("Defendants have raised, among other defenses, a facially meritorious claim that this [c]ourt lacks subject matter jurisdiction over [p]laintiff's claim. If indeed the [c]ourt lacks subject matter jurisdiction, it would be without power to enter a judgment by default or otherwise. The second Rule 55(c) factor thus weighs in [d]efendants' favor.").

As related to the third factor, "the standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant." *Hritz*, 732 F.2d at 1182. Here, Defendants argue that Plaintiffs failed to properly effect service on Defendants, and, therefore, Defendants "were not provided with sufficient notice of the pendency of the underlying action." (Defs.' Moving Br. 7.) The Court does not find any evidence to suggest that the "default was . . . the result of [] culpable conduct, but rather [was likely a result of] a misunderstanding regarding service[,]" or merely negligence and, therefore, the Court "discern[s] no 'willful or bad faith conduct or deliberate trial strategy' used by [Defendants]."[5] *Kamdem-Ouaffo v. Task Mgmt. Inc.*, No. 17-7506, 2018 WL 3360762, at *24 (D.N.J. July 9, 2018) (citation omitted), *aff'd in part, appeal dismissed in part*, 792 F. App'x 218 (3d Cir. 2019). The third factor therefore weighs in favor of vacating the entry of default.

With all three factors weighing in favor of vacating the entry of default, the Court grants Defendants' motion to vacate the entry of default. The Court now turns to Defendants' arguments regarding whether the Complaint should be dismissed. *See, e.g.*, *Alexander v. United States*, No. 16-1864, 2016 WL 6023105, at *2-3 (D.N.J. Oct. 13, 2016) (granting motion to vacate default before considering, and ultimately granting, motion to dismiss for lack of subject matter jurisdiction).

[5] "The Court does not address this service issue beyond finding it shows a lack of culpable conduct in the context of the motion to set aside entry of default." *Kamdem-Ouaffo*, 2018 WL 3360762, at *24 n.21.

**B. Dismissal Pursuant to Rule 12(b)(1)**

Defendants argue in part that the Complaint should be dismissed for lack of subject-matter jurisdiction.[6] (*See* Defs.' Moving Br. 11-12.) Defendants assert that Jackson, as a citizen of New Jersey, eliminates the complete diversity necessary for this Court to have subject matter jurisdiction.[7] (*Id.* at 12.)

"[D]istrict court shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. "For diversity purposes, citizenship of the parties is determined as of the time the complaint was filed." *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003) (citations omitted). The presence of a nondiverse party destroys diversity jurisdiction. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) (noting that Section 1332 requires complete diversity). Moreover, "the burden of establishing [diversity of citizenship] rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted); *see also Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.").

---

[6] Where, such as here, a defendant files a motion to dismiss pursuant to Rule 12(b)(1) prior to filing an answer, it is considered a facial attack. *Aichele*, 757 F.3d at 358 (explaining that a defendant's motion was a "facial attack" because defendant "filed the attack before it filed any answer to the [c]omplaint or otherwise presented competing facts"); *Curlin Med. Inc. v. ACTA Med., LLC*, No. 16-2464, 2016 WL 6403131, at *2 (D.N.J. Oct. 27, 2016) ("[T]he Third Circuit's recent cases suggest that only facial attacks, and not factual attacks, can be brought in a motion to dismiss before an answer is filed." (citations omitted)).

[7] The Court notes that Plaintiffs only allege state law claims. (*See generally* Compl.) As a result, the Court must consider whether it has diversity jurisdiction. *See* 28 U.S.C. § 1332.

Here, the Complaint clearly states that Plaintiffs and Jackson are all citizens of the State of New Jersey. (Compl. ¶¶ 2-4, 7.) This alone destroys complete diversity, regardless of Stop and Shop's citizenship.[8] The Court, therefore, grants Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(1).[9]

## IV. CONCLUSION

For the reasons set forth herein, Defendants' Motion to Vacate Default and Dismiss Plaintiffs' Complaint is granted. Plaintiffs' Complaint is dismissed without prejudice.[10] The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: 8/10/26

---

[8] As previously noted by this Court, Plaintiffs did not allege any facts regarding the state of incorporation for Ahold USA Inc. or the citizenship of the members of Supermarket Company. As a result, the Court cannot ascertain the citizenship of these parties or whether these two entities are diverse parties pursuant to 28 U.S.C. § 1332. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (alteration in original) (quoting 28 U.S.C. § 1332(c)(1))); *Carden*, 494 U.S. at 195-96 (holding that citizenship of an unincorporated entity is determined by the citizenship of "all the members" (citation omitted)).

[9] In their reply, Defendants also question whether the amount in controversy exceeds $75,000. (*See* Defs.' Reply Br. 5-6.) The Court, however, need not reach that argument or any other argument made in favor of dismissing the Complaint.

[10] Plaintiffs represent that they would be willing to amend their Complaint to remove Jackson in an effort to preserve diversity jurisdiction. (*See* Pls.' Opp'n Br. 5.) The Court, therefore, will provide Plaintiffs with an opportunity to file an amended complaint to do so and to address the other deficiencies identified herein. Alternatively, Plaintiffs may elect to file their Complaint in state court to the extent permitted by state law.